In the Matter of the Judicial Settlement of the Final Account of Proceedings of the Patchogue Citizens Bank and Trust Company as Trustee of the Trust Created by Charles E. Osborn and Helen M. Osborn, Bearing Date January 24, 1928. Patchogue Citizens Bank and Trust Company, as Trustee, etc., Appellant; Bertha M. Rantsch, Respondent; and Helen M. Rope and Frances Bell Kronholm, Individually and as Executrices, etc., of Helen M. Osborn, Deceased, Respondents.— On appeal by the Patchogue Citizens Bank and Trust Company, as trustee, from so much of an order as stays the above-entitled proceedings until final determination of the pending proceeding, order affirmed, with ten dollars costs and disbursements to Bertha M. Rantsch. The pending intermediate accounting proceedings cannot, of course, bind any one who was not a party to it. On the other hand, any party claiming an interest in the estate should be desirous of as speedy a determination as possible, which will be achieved, in our opinion, by bringing the intermediate accounting proceeding to a conclusion prior to a trial of the issues presented in the above-entitled action. The question of the identity of the remainderman is, as has been repeatedly stated by this court, an open one. Hagarty, Carswell, Johnston, Adel and Taylor, JJ., concur.

In the Matter of Supplementary Proceedings: Nathan D. Shapiro, Leon J. Shapiro and George A. Shapiro, etc., Respondents, v. Samuel Metrik, Judgment Debtor; Rose Metrik, Third Party, Appellant.— Order enjoining appellant from making any transfer or other disposition, until the further order of the court, of certain mortgage certificates therein enumerated, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

Ethel M. Meyers, Appellant, v. Herbert W. Meyers, Respondent.— Order of the Supreme Court, Queens county, amending the final decree of divorce by granting defendant the right of visitation and partial custody of the infant child of the marriage and referring the amount to be paid by defendant for the support of the infant to an official referee for hearing and determination, affirmed, without costs. No opinion. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.